FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 12, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHERI R.,[1] <br><br>　　　　　Plaintiff, <br><br>　　vs. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>　　　　　Defendant. | No. 2:18-cv-00136-MKD <br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br>ECF Nos. 18, 20 |

　　Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 18, 20. The parties consented to proceed before a magistrate judge. ECF No. 4. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 18, and denies Defendant's motion, ECF No. 20.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them only by their first names and the initial of their last names.

ORDER - 1

# JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that [she] is not only unable to do [her] previous work[,] but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in

ORDER - 3

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is

ORDER - 5

capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On December 29, 2014, Plaintiff applied for Title II disability insurance benefits, alleging a disability onset date of March 18, 2014. Tr 245-52. The application was denied initially, Tr. 169-171, and on reconsideration, Tr. 173-75. Plaintiff appeared before an administrative law judge (ALJ) on February 8, 2017. Tr. 87-131. On March 28, 2017, the ALJ denied Plaintiff's claim. Tr. 48-77.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 18, 2014. Tr. 53. At step two, the ALJ found that Plaintiff has the following severe impairments: back injury, hypermobility syndrome, neck pain, hip pain, and depression. Tr. 53.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 54. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> She could lift up [to] 20 pounds occasionally and lift/carry up to ten pounds frequently. She could stand and/or walk for six hours in an eight-hour workday, and sit up to six hours in an eight-hour workday, with normal breaks. She would need a sit/stand option, defined as changing from a standing position to a sitting position, or

ORDER - 6

vice versa, every 30 minutes while remaining at the workstation. She can never climb ladders, ropes, and scaffolds. She can occasionally climb ramps and stairs. She can frequently stoop. She can occasionally crouch, kneel, and crawl. She needs to avoid all but occasional exposure to extreme cold, extreme heat, extreme wetness or humidity, and extreme vibration. She should avoid all use of moving or dangerous machinery and exposure to unprotected heights. She is able to perform work with no more than simple, routine, and repetitive tasks, and only in work where concentration is not critical, where critical is defined as careful exact evaluation and judgment.

Tr. 56.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 66. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as, production assembler, electronics worker, and mail clerk. Tr. 67-68. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of March 18, 2014, though the date of the March 28, 2017 decision. Tr. 68.

On March 19, 2018, the Appeals Council denied review of the ALJ's decision, Tr. 1-7, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the Appeals Council erred in refusing to consider medical evidence submitted after the ALJ's decision;
2. Whether the ALJ properly evaluated the medical opinion evidence;
3. Whether the ALJ conducted a proper step-two analysis;
4. Whether the ALJ properly evaluated lay witness testimony;
5. Whether the ALJ properly evaluated Plaintiff's symptom claims; and
6. Whether the ALJ conducted a proper step-five analysis.

ECF No. 18 at 2, 17.

## DISCUSSION

**A. Additional Evidence Submitted to the Appeals Council**

Plaintiff argues the Appeals Council incorrectly determined that additional evidence submitted to it did not relate back to the ALJ's decision and therefore the Appeals Council erroneously failed to consider the additional evidence. ECF No. 18 at 17-18.

The Social Security regulations permit a claimant to submit additional evidence to the Appeals Council. 20 C.F.R. § 416.1400(b). The Appeals Council

ORDER - 8

is required to consider new and material evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision" and "there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5) & (b) (2017). Evidence that meets the criteria is to be considered by the Appeals Council and incorporated into the administrative record as evidence, "which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Pursuant to agency policy, a copy of evidence *not* meeting the criteria and therefore not considered by the Appeals Council is nonetheless included as part of the certified administrative record filed with this Court, although by law, the rejected evidence falls outside the scope of the Court's substantial-evidence review. *See* Soc. Sec. Admin. Hrgs., Appeals, & Litig. Law Man. ("HALLEX"), HALLEX § I-3-5-20, available at https://www.ssa.gov/OP_Home/hallex/I-03/I-3-5-20.html (addressing how additional evidence is to be handled).

Here, the Appeals Council determined that the additional evidence did not relate back to the period at issue. Tr. 2. Pursuant to HALLEX § I-3-5-20.C.4, the Appeals Council used the directed language, stating "[t]his additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before [March 28, 2017]." Tr. 2.

ORDER - 9

In addition, because the Appeals Counsel did not "evaluate the additional evidence because the evidence [was] not related to the period on or before the ALJ decision," HALLEX § I-3-5-20.5, the Appeals Council's notice advised Plaintiff about filing a new application, Tr. 2. Thus, contrary to Plaintiff's and Defendant's statements otherwise, ECF No. 18 at 17, ECF No. 20 at 20, the Appeals Council did not incorporate the rejected evidence into the administrative record for this Court's substantial-evidence review. *See Brewes*, 682 F.3d at 1163 (9th Cir. 2012); *see Ruth v. Berryhill*, No. 1:16–CV–0872–PK, 2017 WL 4855400 (D. Or. Oct. 26, 2017) (citing other district court decisions in the Ninth Circuit holding that that new evidence that the Appeals Council looked at and then rejected did not become part of the administrative record subject to the court's substantial-evidence review). The rejected additional evidence was not exhibited but was included in the certified administrative record filed with this Court pursuant to agency policy. HALLEX I-3-5-20.3.

The Appeals Council's failure to consider the additional evidence, Tr. 9-12, 18-47, 78-85, was erroneous. First, contrary to the Appeals Council's finding that "[t]his additional evidence does not relate to the period at issue," Tr. 2, the additional evidence was new and related to the period on or before the date of the ALJ's March 28, 2017 hearing decision. 20 C.F.R. § 404.970(b) (1987) (Appeals Council is only required to consider additional evidence "that is new, material, and

ORDER - 10

relates to the period on or before the date of the hearing decision."). Medical evidence rendered after the ALJ's decision may still relate to a Plaintiff's conditions during the relevant time period. *See Taylor*, 659 F.3d at 1232-33 (finding new evidence relates to before the ALJ's decision when the new evidence concerns the same ongoing impairments present before the ALJ's decision); *Cunningham v. Apfel*, 222 F.3d 496, 499 n.3 (8th Cir. 2000) (noting that, although examination took place "after the date of the ALJ's decision, doctor's notes indicate that the condition had been ongoing for several years" and "[e]arlier records support the conclusion"); *Bergmann v. Apfel*, 207 F.3d 1065, 1070 (8th Cir. 2000) (finding that post-hearing evidence required remand because it concerned deterioration of "relatively longstanding" impairment). Plaintiff claims disability resulting from an on-the-job injury in 2011 to her left hip and back; subsequent knee injury; a hypermobile pelvis, lumbar, and cervical spine; neck pain; and depression. The additional evidence included: 1) an April 6, 2017 opinion from an evaluating Doctor of Physical Therapy, Randy Bruce, Tr. 28-47, who conducted a two-day evaluation of Plaintiff's functional abilities for purposes of Plaintiff's State workplace labor and injury claim relating to her 2011 work injury as impacted by her depression and hypermobile pelvis, lumbar, and cervical spine, and 2) a May 2, 2017 opinion and a June 6, 2017 opinion and related clinic notes from treating physician Dr. Mara Merritt about treatment for Plaintiff's back,

neck, and joint pain; fatigue; weakness; and depression, Tr. 18-27. This additional evidence was new and related to the period on or before the ALJ's March 2017 decision.

Second, the additional evidence was material. *See* Tr. 2 (The additional evidence "does not affect the decision about whether [Plaintiff was] disabled beginning on or before March 28, 2017."). New evidence is material if it creates a reasonably possibility that the outcome of the case would be different. *Staley v. Massanari*, 17 F. App'x 609, 610 (9th Cir. 2001) (interpreting Appeals Council's decision and citing *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1984)). There is a reasonable probability that the additional evidence would change the outcome of the ALJ's decision. The additional evidence includes three medical opinions, one following a two-day evaluation of Plaintiff's functional abilities, which limited Plaintiff to four hours of work per day, and the other two opinions, limiting Plaintiff to one-to-three hours of sitting or standing per workday, were from Plaintiff's treating physician and accompanied by clinic notes, which noted that Plaintiff's anterior superior iliac spine was anteriorly rotated on the left and she was tender to palpation. Tr. 18-46. If these three opinions, which are largely consistent with one another, are credited, then the crafted light-duty RFC is deficient and, given the vocational expert's testimony, Tr. 127-28, Plaintiff is unable to sustain gainful employment. Moreover, the ALJ's evaluation of the

ORDER - 12

medical evidence and Plaintiff's symptom claims was largely based on the ALJ's finding that the objective medical evidence did not reflect an inability to maintain pace and attendance but rather reflected that Plaintiff had essentially normal physical examination findings.

For these reasons, the Court finds the Appeals Council erred in declining to consider the new evidence.

**B. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits or, in the alternative, remand for further proceedings. ECF No. 18 at 19.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three

ORDER - 13

conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). Under the credit-as-true rule, where 1) the record has been fully developed and further administrative proceedings would serve no useful purpose; 2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and 3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, the requirements of the credit-as-true rule are not met as there are outstanding issues requiring further evaluation. Because the new evidence submitted to the Appeals Council was not incorporated into the record as evidence subject to substantial-evidence review, the Court may not consider it or credit it as true. *See Armor v. Berryhill*, 743 F. App'x 145 (9th Cir. Nov. 23, 2018) (unpublished) (rejecting argument because it was premised upon new medical evidence submitted but not considered by the Appeals Council). Because the Appeals Council improperly failed to consider the new evidence submitted by Plaintiff, remand for further proceedings for consideration of this evidence

ORDER - 14

including testimony by a medical expert if necessary, is warranted. *See Taylor*, 659 F.3d at 1233.

## CONCLUSION

Having reviewed the record and the ALJ's and Appeals Council's findings, the Court concludes the administrative decision is not free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

3. The Court enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED April 12, 2019.

*s/Mary K. Dimke*<br>
MARY K. DIMKE<br>
UNITED STATES MAGISTRATE JUDGE

ORDER - 15